IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE:<br>ROBERT NYHOLM and BONNIE NYHOLM,<br>      Debtors.<br><br>ROBERT NYHOLM and BONNIE NYHOLM,<br>      Appellants,<br>    v.<br>JOSEPH ISRAEL,<br>      Appellee. | HON. JEROME B. SIMANDLE<br>CIVIL NO. 08-4340 (JBS)<br><br>ON APPEAL FROM AN ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY<br>[Case No. 06-22768/GMB]<br>[Adversary No. 07-01689/GMB]<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

    This bankruptcy appeal is before the Court upon its own motion pursuant to this Court's Order of November 21, 2008. THIS COURT FINDS AS FOLLOWS:

    1. Appellants Robert Nyholm and Bonnie Nyholm filed this appeal of an Order entered by the Honorable Gloria Burns, United States Bankruptcy Judge, in the underlying Chapter 13 bankruptcy action. Judge Burns conducted a bench trial between these parties after the Nyholms sought to void a sale-leaseback agreement they entered into with Appellee, Joseph Israel, under which they sold certain property to Appellee. Judge Burns entered an order on July 2, 2008 granting judgment in favor of Mr. Israel and rejecting Appellants' argument that they had a

right to reacquire the property.  Appellants filed a motion for a new trial, which Judge Burns denied in an Order entered August 11, 2008.  (Docket Item 1 at 7.)  This Docket, entered on September 3, 2008, is an appeal from Judge Burns' August 11, 2008 Order.

2.   Federal Rule of Bankruptcy Procedure 8009(a)(1) requires that a bankruptcy appellant "serve and file a brief within 15 days after entry of the appeal on the docket."  Fed. R. Bankr. P. 8001(a).  Prior to the expiration of this fifteen-day period, the Court granted the parties' request for a thirty-day extension for briefs, requiring that Appellants submit their brief no later than October 18, 2008, and that Appellee submit its brief no later than November 3, 2008.

3.   Appellants failed to file their brief by October 18, 2008 and did not request an additional extension of time prior to that date.  More than a month after the expiration of this extended deadline, however, on November 20, 2008, Appellants filed a motion seeking emergent relief in the form of (1) an order staying a warrant of eviction of the property at issue in the bankruptcy trial that had been entered in New Jersey state court, and (2) a stay of Judge Burns' Order denying Appellants' motion for a new trial.  (Docket Item 5 at 10.)  The Court convened a hearing on November 21, 2008 to hear oral argument on Appellants' motion.

4.   In its November 21, 2008 Order, the Court denied Appellants' motion, finding that the Court lacked jurisdiction to entertain Appellants' request for an order staying the warrant of eviction, and that Appellants were unlikely to prevail on the merits of their appeal of Judge Burns' order.  (Docket Item 4 at 2-3.)  As to the matter of Appellants' failure to file a brief in support of their appeal, the November 21, 2008 Order provided:

> IT IS . . . ORDERED that Appellants shall submit their Brief, which is currently overdue, not later than December 21, 2008, and, if Appellants' brief is timely filed, the Appellee's Brief shall be submitted not later than January 18, 2009; and
>
> IT IS FURTHER ORDERED that if Appellants fail to file their Brief before the above deadline, this appeal will be dismissed for failure to prosecute, without further notice, pursuant to Bankruptcy Rule 8009.

(Id. at 3.)

5.   Appellants failed to file their brief by December 21, 2008.  On December 23, 2008, the Court received, via facsimile, a request from Appellants for yet another thirty-day extension.

6.   The Court will deny Appellants' belated request and dismiss this appeal for failure to prosecute.  Initially, the Court recognizes that in bankruptcy appeals,

> the appellant brief serves a very important purpose.  It contains a statement of the basis of appellate jurisdiction, the issues presented before the Court and applicable standard of review, a statement of relevant facts and all arguments thereto.  Therefore, failure to file the appellate brief divests the district court of the information needed to adequately review the case.

Maxon Engineering Services, Inc., ex rel. Wiscovitch-Rentas v.

Municipality of Aibonito, --- B.R. ----, 2008 WL 5148025, at *2 (D.P.R. Nov. 17, 2008) (noting as well that the failure to timely file an appellate brief frustrates the "expeditious resolution of bankruptcy proceedings," one of the central purposes of the Rules of Bankruptcy Procedure) (citations omitted).

7.  While "[t]he time limitations imposed by Rule 8009 are not jurisdictional, and hence the district court is not required automatically to dismiss the appeal of a party who has failed to meet those deadlines," district courts "exercise discretion to determine whether dismissal is appropriate in the circumstances" presented in a particular case.  In re Tampa Chain Co., Inc., 835 F.2d 54, 55 (2d Cir. 1987) (emphasis added); see also In re Spiegel, Inc., 385 B.R. 35, 38 (S.D.N.Y. 2008).  Appropriate circumstances for dismissal in cases where bankruptcy appellants fail to timely file appellate briefs "include where the appellant has acted in bad faith, negligently, indifferently, or with dilatoriness."  In re Godt, 282 B.R. 577, 583 (E.D.N.Y. 2002); see also In re Spiegel, 385 B.R. at 38.

8.  The Court has carefully considered Mr. Nyholm's December 23, 2008 submission and the opposition by Appellee's counsel, Anthony Landolfi, Esquire, dated December 30, 2008.  Mr. Nyholm claims that on December 4, 2008 he lost possession of the subject property and finds himself in difficult circumstances, and he

desires more time "for a fair prosecution of this cause."[1]  He does not indicate that his Appellants' Brief is almost finished, even though December 4th was itself three months after he filed this appeal.  Counsel for Appellee opposes, indicating that Appellants have failed to make a Trustee payment under their bankruptcy since December, 2007, and arguing that Appellants "are not acting in good faith and are simply seeking to 'drag-out' this matter."  (Landolfi Letter, Dec. 30, 2008 at 1.)  The Court agrees with Appellee that Appellants have failed to show just cause for the granting of yet another extension.

9.  Appellants' protracted failure to file a brief, notwithstanding the multiple generous extensions that have been afforded to them, is neglectful and dilatory, and without just cause, and warrants dismissal of this appeal.  The deadline for submissions established by the Court's November 21, 2008 Order granted Appellants a total of one-hundred and six days more than the fifteen-day filing period provided by Rule 8009(a)(1), Fed. R. Bankr. P.  While the Appellants' personal circumstances and pro se status could justify the initial thirty-day extension granted in this matter, at a certain point it becomes apparent that an appeal is being prosecuted, at best, with indifference,

---

[1] As became clear at the November 21, 2008 hearing, the subject property is no longer being used as the Nyholms' residence, but is instead being used to store their possessions.

and, at worst, as a stalling tactic.[2] This action is well past such a point. Appellants have not demonstrated that they are likely to prevail upon this appeal, and they have lived rent-free (i.e., without a Trustee payment) for a year while their underlying bankruptcy matter and appeal were pursued. The Court made clear to Mr. Nyholm at the November 21, 2008 hearing, and in the Order entered that same day, that "if Appellants fail to file their Brief before [December 21, 2008], this appeal will be dismissed for failure to prosecute, without further notice, pursuant to Bankruptcy Rule 8009." (Docket Item 4 at 3) (emphasis added). Appellants' failure to file a brief after having been put on notice that the appeal could be dismissed, and after more than one-hundred days beyond Rule 8009(a)(1)'s filing deadline, warrants the dismissal of this appeal for failure to prosecute.

10. For the reasons explained above, the Court will dismiss this appeal for failure to prosecute. The accompanying Order will be entered.

**January 12, 2009**              **s/ Jerome B. Simandle**
Date                                     JEROME B. SIMANDLE
                                              United States District Judge

---

[2] As the previously cited authority makes clear, it is within the Court's discretion to dismiss the appeal regardless of whether Appellants' protracted failure to prosecute is the result of negligence or bad faith. See, e.g., In re Tampa Chain Co., Inc., 835 F.2d at 55; In re Godt, 282 B.R. at 583; In re Spiegel, 385 B.R. at 38.